**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **ULTINON MOTION HOLDING B.V.,** | § | **Case No. 26-90428 (CML)** |
| *et al.*, | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **(Emergency Hearing Requested)** |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES; (III) APPROVING THE FORM OF BALLOTS AND NOTICES; (IV) APPROVING CERTAIN DATES AND DEADLINES IN CONNECTION WITH THE SOLICITATION AND CONFIRMATION OF THE PLAN; (V) SCHEDULING A COMBINED HEARING ON (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN; AND (VI) GRANTING RELATED RELIEF**

<div style="border:1px solid black; padding:6px;">

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 4:00 P.M. (PREVAILING CENTRAL TIME) ON MAY 6, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

</div>

Ultinon Motion Holding B.V. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases are Ultinon Motion Holding B.V., Liberty I B.V., and Liberty II B.V. The service address in these chapter 11 cases for Debtors Liberty I B.V. and Liberty II B.V. is Zekeringstraat 42, 1014 BT Amsterdam, the Netherlands. The service address in these chapter 11 cases for Debtor Ultinon Motion Holding B.V. is The Base Tower B5, Unit 107, Evert van de Beekstraat 1, 1118 CL Schiphol, the Netherlands.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to entry of a final order by the Court. Venue is proper before this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

2.      By this Motion, pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the applicable Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and Section P of the *Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Case Procedures**"), the Debtors request entry of an order (the "**Order**"), substantially in the form attached hereto, granting the following relief:

(a)   *Disclosure Statement*. Conditionally approving the adequacy of the combined plan and disclosure statement, substantially in the form attached hereto (as may be amended, supplemented, or otherwise modified from time to time, the "**Plan**" or "**Disclosure Statement**" or "**Combined Plan and Disclosure Statement**")[2] as **Exhibit 1A**;

(b)   *Solicitation and Voting Procedures*. Approving procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan; (ii) voting to accept or reject the Plan; and (iii) filing objections to the Combined Plan and Disclosure Statement set forth in Section III of the Motion (the "**Solicitation and Voting Procedures**");

(c)   *Solicitation Packages*. Finding that the solicitation materials and documents included in the solicitation packages (the "**Solicitation Packages**") that will be sent to Holders of Claims who are entitled to vote to accept or reject the Plan are in compliance with Bankruptcy Rules 2002(b) and 3017(d);

---

2   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan and Disclosure Statement.

2

(d)     *Ballots*. Approving the form of ballots for Classes **2, 3, and 4** substantially in the form attached to the Order as **Exhibit 2** (the "**Ballots**"), to be included in the Solicitation Packages;

(e)     *Combined Hearing Notice*. Approving the form and manner of notice of the combined hearing to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**"), substantially in the form attached to the Order as **Exhibit 3** (the "**Combined Hearing Notice**");

(f)     *Publication Notice*. Approving the form and manner of the publication notice of the Combined Hearing, substantially in the form attached to the Order as **Exhibit 4A** (the "**Publication Notice**") and the form and manner of a combined publication notice of the Combined Hearing and the notice of the Bar Date, substantially in the form attached to the Order as **Exhibit 4B** (the "**Combined Hearing and Bar Date Notice**");

(g)     *Notices of Non-Voting Status*. Approving the forms of notice for Classes **1 and 5**, substantially in the forms attached to the Order as **Exhibits 5A and 5B** (the "**Notice of Non-Voting Status**") including an (i) opt-out form (the "**Opt-Out Form**") and (ii) opt-in form (the "**Opt-In Form**"), to be sent to Holders of Claims or Interests (as applicable) who are not entitled to vote on the Plan because they hold unclassified Claims or are either presumed to accept the Plan under section 1126(f) of the Bankruptcy Code or presumed to reject the Plan under section 1126(g) of the Bankruptcy Code; and

(h)     *Confirmation Schedule*. Establishing certain dates and deadlines with respect to confirmation of the Plan (the "**Confirmation Schedule**"):

| Event | Date |
| --- | --- |
| **Voting Record Date** | May 1, 2026 |
| **Solicitation and Notice Deadline** | Two (2) Business Days after entry of the Order conditionally approving the Disclosure Statement, or as soon as reasonably practicable thereafter. |
| **Deadline for Filing Initial Plan Supplement** | May 29, 2026 |
| **3018 Motion Deadline** | The date that is the later of (i) May 29, 2026 at 4:00 p.m. (CT) or (ii) five (5) days after any objection to a Claim is filed by the Debtors. |
| **Voting and Opt-Out / Opt-In Deadline** | June 5, 2026 at 4:00 p.m. (CT) |

| Event | Date |
| --- | --- |
| **Combined Plan and Disclosure Statement Objection Deadline** | June 5, 2026 at 4:00 p.m. (CT) |
| **Deadline for Filing Confirmation Brief, Reply and Voting Report** | June 8, 2026 |
| **Objection Deadline for 3018 Motion** | The date of the Combined Hearing |
| **Combined Hearing on the Disclosure Statement and Plan** | By June 10, 2026 (subject to the Court's availability) |

## Background

3.     On March 26, 2026, (the "**Petition Date**"), the Debtors in the above-captioned Chapter 11 Cases each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases. On April 29, 2026, the Court entered the *Order (I) Establishing Deadlines for the Filing of Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, (III) Approving the Form and Manner for Filing Proofs of Claim, and (IV) Granting Related Relief* [Docket No. 143] (the "**Bar Date Order**") setting the deadline by which an entity that asserts a claim against any of the Debtors that arose before the Petition Date shall be required to file a proof of claim as **May 29, 2026 at 4:00 p.m. (prevailing Central Time)** (the "**Bar Date**").

4.     Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Jame Donath in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**") [Docket No. 11].

**Plan Summary**

5.      The Combined Plan and Disclosure Statement describe in detail the treatment of

Holders of Claims against and Interests in the Debtors. The following chart summarizes the classes

of Claims and Interests, their status, and voting rights.

| Class | Treatment | Status | Entitled to Vote? |
|---|---|---|---|
| **Class 1 Priority Non-Tax Claims** | On the Effective Date, in exchange for the full and final satisfaction, settlement, release, and discharge of the Priority Non-Tax Claims, each holder of an Allowed Priority Non-Tax Claim shall receive (i) cash in an amount equal to such allowed Claim; or (ii) such other treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code. | **Unimpaired** | **No – Presumed to Accept** |
| **Class 2 Prepetition Lender Secured Claims** | On the Effective Date, in exchange for the full and final satisfaction, settlement, release, and discharge of the Prepetition Lender Secured Claims, each holder of an allowed Prepetition Lender Secured Claim shall receive its *pro rata* share of the Secured Creditor Compromise Interests. | **Impaired** | **Yes** |

5

| Class 3 Prepetition Lender Deficiency Claims | On the Effective Date, in exchange for the full and final satisfaction, settlement, release, and discharge of the Prepetition Lender Deficiency Claims, each holder of an allowed Prepetition Lender Deficiency Claim shall receive its *pro rata* share of the General Litigation Trust Interests. | Impaired | Yes |
|---|---|---|---|
| Class 4 General Unsecured Claims | On the Effective Date, in exchange for the full and final satisfaction, settlement, release, and discharge of the General Unsecured Claims, each holder of a General Unsecured Claim shall receive its *pro rata* share of the General Litigation Trust Interests. | Impaired | Yes |
| Class 5 Interests | On the Effective Date, all Interests shall be extinguished, cancelled and released and Holders of Interests shall not receive any distribution on account of such Interests. | Impaired | No – Deemed to Reject |

## Basis for Relief Requested

**I.      The Court Should Conditionally Approve the Disclosure Statement and Finally Approve the Disclosure Statement at the Combined Hearing.**

6.       The Debtors seek conditional approval of the Disclosure Statement at a hearing before the Court (the "**Conditional Approval Hearing**"). Such relief is consistent with Section P of the Complex Case Procedures, which provides that the Court may consider motions seeking conditional approval of a disclosure statement so long as such motions include a proposed order that:  (a) finally approves the balloting and voting procedures to be utilized; (b) finally approves the form of ballot which will be provided to creditors and interest holders entitled to vote on the proposed plan; (c) establishes a record date; and (d) establishes a voting deadline. This Motion and the proposed Order comply with these requirements of the Complex Case Procedures and the other requirements of the Bankruptcy Rules and Bankruptcy Local Rules, including Local Rule 3016-2.

7.      At the Conditional Approval Hearing, the Debtors will request that the Court find that the Disclosure Statement contains "adequate information" as defined in section 1125 of the Bankruptcy Code. What constitutes "adequate information" is based on the facts and circumstances of each case, but the focus is on whether sufficient information is provided to enable parties to vote in an informed way. *See* 11 U.S.C. § 1125(a)(1); *see also Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.*), 150 F.3d 503, 518 (5th Cir. 1998) (stating that courts are vested with the discretion to determine whether a disclosure statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code).

8.      Here, the standard is easily met. The Disclosure Statement contains adequate information in sufficient detail to permit voting creditors to make an informed judgment about the Plan, including:  (a) the Debtors' corporate history and business operations; (b) the events leading to the commencement of the Chapter 11 Cases; (c) material events in the Chapter 11 Cases; (d) the classification and treatment of Claims and Interests; (e) the source of consideration for Plan distributions and the means for implementing the Plan, including the establishment of a Litigation Trust; (f) provisions governing distributions; (g) the releases, injunction, and exculpations under the Plan, which are conspicuously displayed in accordance with Bankruptcy Rule 3016(c); (h) the statutory requirements for confirmation; (i) the estimated return to creditors under a hypothetical chapter 7 liquidation; (j) risk factors related to the Plan; and (k) certain U.S. federal tax consequences arising from the implementation of the Plan. *See In re Divine Ripe, L.L.C.*, 554 B.R. 395, 401-02 (Bankr. S.D. Tex. 2016) (citing *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 567-68 (Bankr. N.D. Ga. 1984) (citing factors for determining inclusion of adequate information)).

9.      The Debtors request approval of the Disclosure Statement without the inclusion of a stand-alone valuation analysis, which is not a necessary element of any disclosure statement. *See*

11 U.S.C. § 1125(b) ("The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.").

10.     Accordingly, the Debtors request that the Court approve the Disclosure Statement on a conditional basis at the Conditional Approval Hearing and approve the Disclosure Statement as containing "adequate information" under section 1125 of the Bankruptcy Code on a final basis at the Combined Hearing.

II.     **The Court Should Approve the Setting of Certain Dates and Deadlines in Connection with Plan Confirmation and the Forms of Combined Hearing Notice and Publication Notice.**

A.     **Scheduling the Combined Hearing and Objection Deadline**

11.     Bankruptcy Rule 3017(a) provides that "the court must hold a hearing on at least 28 days' notice... to the debtor, creditors, equity security holders and other parties in interest." Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."

12.     Similarly, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, [the] trustee, all creditors and indenture trustees [of] at least 28 days … by mail of the time to file an objection and the time of the hearing to consider approv[al] [of] a disclosure statement; or determine under §1125(f) whether a plan includes adequate information to make a separate disclosure statement unnecessary for filing" and "the time to file an objection to—and the time of the hearing to consider whether to confirm—a Chapter... 11 plan." Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within the time fixed by the court."

13.     The Court may combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan. *See* 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing bankruptcy courts to combine the hearing on approval of the disclosure statement with the confirmation

hearing). In addition, Bankruptcy Local Rule 3016-2 and Section P of the Complex Case Procedures allow the Court to combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan, so long as contemporaneously with the filing of a disclosure statement and proposed plan, a plan proponent files a motion requesting:  (a) conditional approval of the disclosure statement; (b) approval of solicitation procedures; (c) the scheduling of a hearing on shortened notice to consider conditional approval of the proposed disclosure statement; and (d) the scheduling of a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan – as this Motion does.

14.     Thus, the Debtors respectfully request that, subject to its availability, the Court schedule the Combined Hearing on **June 10, 2026**, or such other date as the Court's schedule may permit, and set the deadline for filing and serving objections to confirmation of the Plan and final approval of the Disclosure Statement for **June 5, 2026 at 4:00 p.m. (prevailing Central Time)** (the "**Combined Plan and Disclosure Statement Objection Deadline**").

15.     The Debtors also request that the Court require that objections to final approval of the Disclosure Statement and/or confirmation of the Plan must:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Bankruptcy Local Rules; (c) state the name of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objection, and if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court with proof of service thereof and served on (i) the Debtors; (ii) Agent; (iii) DIP Agent; and (iv) the U.S. Trustee (collectively, the "**Notice Parties**") so as to be actually received on or before the Combined Plan and Disclosure Statement Objection Deadline. Finally, the Debtors submit that it is appropriate to schedule a Combined Hearing to consider approval of the Disclosure Statement and

confirmation of the Plan and have notice periods run simultaneously in accordance with Bankruptcy Rule 9006(c)(1) and the Complex Case Procedures.

16.     The Debtors submit that the relief requested is warranted and appropriate under the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules and the Complex Case Procedures.

**B.      Approval of the Form and Manner of the Combined Hearing Notice**

17.     The Debtors request approval of the Combined Hearing Notice, substantially in the form of **Exhibit 3** attached to the Order. In accordance with Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice will:  (a) provide a brief summary of the Plan releases; (b) disclose the date and time of the Combined Hearing; (c) disclose the date and time of the Combined Plan and Disclosure Statement Objection Deadline and the procedures for objecting to the Combined Plan and Disclosure Statement; (d) provide the record date for voting under the Plan; and (e) instructions as to how to view or obtain copies of the Combined Plan and Disclosure Statement, the Order, and all other materials in the Solicitation Package (excluding Ballots), free of charge, from the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC (the "**Claims and Noticing Agent**"), including through the Debtors' restructuring website maintained by the Claims and Noticing Agent and, for a fee, the Court's website via PACER.

18.     The Debtors propose to serve, or cause to be served, the Combined Hearing Notice, by first class mail, email, or overnight courier, in the Debtors' sole discretion, on all known Holders of Claims and Interests, as of the Voting Record Date (as defined herein), and any other party entitled to notice under Bankruptcy Rule 2002 and applicable Bankruptcy Local Rules (regardless of whether such parties are entitled to vote on the Plan) on or before the date that is two (2) Business Days after entry of the Order, or as soon as reasonably practicable thereafter (the "**Solicitation and Notice Deadline**"). Additionally, the Debtors propose to publish the Publication

10

Notice, substantially in the form of **Exhibit 4A**, as soon as reasonably practicable after entry of the Order on one occasion in an international, national or local publication that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavit of service.

19. In the alternative, the Debtors' reserve the right, in their sole discretion, to publish the Combined Hearing Notice in combination with the notice of the Bar Date (the "**Combined Hearing and Bar Date Notice**"), substantially in the form of **Exhibit 4B** attached to the Order.

20. The proposed form of Combined Hearing Notice and the Combined Hearing and Bar Date Notice, the notice period provided after service of the Combined Hearing Notice, the publication of the Publication Notice (or in the alternative, the Combined Hearing and Bar Date Notice) and the service of the notice of the Motion are appropriate, in compliance with the applicable rules, and will provide creditors with sufficient notice of the Combined Hearing.

**C.      The Voting Record Date**

21. Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "'creditors' and 'equity security holders' include record holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date the court sets for cause after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a).

22. The Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date. In the event a Claim is transferred after the Voting Record Date, the

transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

23.    Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim may be (a) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code, and (b) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (a) a Ballot, (b) a group of Ballots within a Voting Class received from a single creditor, or (c) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion.

24.    The Debtors filed their Statements and Schedules on April 21, 2026 [Docket Nos. 116 - 118]. The Debtors believe there are a relatively small number of creditors and that the Solicitation and Voting Procedures adequately balance the rights of parties in interest to participate in the voting on the Plan with the need for an efficient conclusion of these cases. The Debtors respectfully request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish **May 1, 2026**, as the date for determining which Holders of Claims and Interests were entitled to vote to accept or reject the Plan (the "**Voting Record Date**").

**D.    The Voting and Opt-Out / Opt-In Deadline**

25.    Bankruptcy Rule 3017(c) provides, in relevant part, that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c). The Debtors request that the Court establish **June 5, 2026 at 4:00 p.m. (prevailing Central Time)** as the deadline for voting on the Plan or, for Holders of Claims and Interests in the Non-Voting Classes (as defined below), as the deadline to elect to opt-out of or opt-in (as applicable) to the grant of the third-party releases set forth in Section XV of the Plan (the "**Voting and Opt-Out / Opt-In Deadline**"),

12

subject to extension in the Debtors' sole discretion. The Debtors anticipate serving the Solicitation Packages as soon as practicable after entry of the Order, but in no event later than the Solicitation and Notice Deadline. The Debtors propose that, for votes to be counted, all Ballots must be properly executed, completed, and delivered in the manner described in the Solicitation and Voting Procedures so that they are *actually received* by the Claims and Noticing Agent no later than the Voting and Opt-Out / Opt-In Deadline.

III.     **The Solicitation Packages, the Notice of Non-Voting Status and Solicitation and Voting Procedures Satisfy the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules and Should Be Approved.**

26.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and interests for the purposes of soliciting their votes to accept or reject a plan in chapter 11. As set forth herein, the Debtors submit that the Solicitation Packages and the Notice of Non-Voting Status, comply with the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules.

27.     The Debtors seek approval of the Solicitation and Voting Procedures and the contents of the Solicitation Package, as described below, to efficiently solicit votes in connection with the Plan in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules. The Debtors propose to serve the Solicitation Packages on, and solicit votes to accept or reject the Plan, only from Holders of Claims in **Classes 2, 3 and 4** (the "**Voting Classes**"). The Debtors are not proposing to solicit votes from Holders of Claims and Interests in any of the other Classes under the Plan (the "**Non-Voting Classes**").

A.     **Solicitation Packages**

28.     To perform a solicitation, Bankruptcy Rule 3017(d) requires, unless the Court orders otherwise, that the Debtors transmit certain information to holders of claims and interests, as well as to the U.S. Trustee. *See* Fed. R. Bankr. P. 3017(d). Pursuant to Bankruptcy Rule 3017(d),

the Debtors propose to distribute the Solicitation Packages (as defined herein) by first-class mail, next day business service, or email (if available), in the Debtors' sole discretion, to the Holders in the Voting Classes on or before the Solicitation and Notice Deadline. In addition, the Debtors will cause the Claims and Noticing Agent to serve a Solicitation Package, without a Ballot, on (i) the U.S. Trustee, (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (iii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

29.     Given that the contents of the Solicitation Package are voluminous, and to save unnecessary costs, the Debtors further request that they be authorized to distribute the Combined Plan and Disclosure Statement and Order (without exhibits) in electronic format (i.e., via USB flash drive, email, and/or QR code access to the Debtors' restructuring website (https://restructuring.ra.kroll.com/ultinon/)).[3] Holders for whom electronic service is burdensome may request service of Solicitation Packages, free of charge, via hard copy and/or on a USB flash drive (to include only the Combined Plan and Disclosure Statement and Order (without exhibits)). Where Solicitation Packages are served by first-class mail, only the Ballot (with postage prepaid, preaddressed return envelope), the Combined Hearing Notice, and such other materials as the Court may direct be included in the Solicitation Package will be provided in paper format. Further, all solicitation materials will be available in print and email, to be provided at the Debtor's expense, on request to the Claims and Noticing Agent and electronically, free of charge, at the Debtors' restructuring website (https://restructuring.ra.kroll.com/ultinon/).

---

[3]     A QR code for access to solicitation materials on the Debtors' restructuring website would be provided in the Combined Hearing Notice, Ballots, and Notices of Non-Voting Status.

30.     Each Solicitation Package will include the following materials:

(a)     a Ballot that includes an Opt-Out Form, together with detailed voting instructions with respect thereto and a pre-addressed, postage-prepaid return envelope or instructions on how to submit an E-Ballot (as described herein);

(b)     the Order (without exhibits hereto, except as set forth below) (in electronic format (i.e., via USB flash drive, email, and/or QR code access to the Debtors' restructuring website (https://restructuring.ra.kroll.com/ultinon/));

(c)     a copy of the Combined Plan and Disclosure Statement, as approved on a conditional basis (in electronic format (i.e., via USB flash drive, email, and/or QR code access to the Debtors' restructuring website (https://restructuring.ra.kroll.com/ultinon/));

(d)     the Combined Hearing Notice; and

(e)     such other materials as the Court may direct.

31.     Furthermore, because the Voting Record Date precedes the Bar Date, Holders of Claims that timely file Proofs of Claim after the Voting Record Date risk being disenfranchised from voting. To address such potential disenfranchisement, the Claims and Noticing Agent will supplement the initial solicitation mailing and serve Solicitation Packages with Ballots or the appropriate form of Notice of Non-Voting Status (which includes the applicable Opt-Out Form or Opt-In Form), as applicable, on a rolling and expedited basis, to Holders that validly file a Proof of Claim after the Voting Record Date but on or before the Bar Date. Any Holder that timely files a Proof of Claim following the Voting Record Date but on or before the Bar Date will receive the Solicitation Package or Notice of Non-Voting Status, as applicable, on an expedited basis (whether by electronic mail or overnight courier, as applicable) as soon as reasonably practicable after the filing of such Proof of Claim.[4] To be counted as a vote to accept or reject the Plan, any Ballot submitted pursuant to the procedures set forth in this paragraph must be actually received by the

---

[4]     For the avoidance of doubt, if the Claims and Noticing Agent previously provided a Holder with a Solicitation Package or Notice of Non-Voting Status on account of a scheduled Claim or previously filed Proof of Claim, the Claims and Noticing Agent will update the Holder's voting amount based on an amended Proof of Claim, as filed, but will not be obligated to send another Solicitation Package with a new Ballot or Notice of Non-Voting Status to such Holder.

15

Claims and Noticing Agent by the Voting and Opt-Out / Opt-In Deadline and otherwise be in accordance with the Order.

32.     For the avoidance of doubt, the Solicitation and Voting Procedures referenced in the preceding paragraph will apply only to Holders who file a brand new, valid Claim after the Voting Record Date, but on or before the Bar Date. Any Holders who file a Claim after the Bar Date will not be entitled to a Solicitation Package and Ballot or Notice of Non-Voting Status (as applicable). Moreover, if the Claims and Noticing Agent previously provided such Holder with a Ballot or Notice of Non-Voting Status on account of a scheduled Claim or previously filed Proof of Claim, the Claims and Noticing Agent will update the Holder's voting amount based on an amended Proof of Claim, as filed, but will not be obligated to send another Solicitation Package and new Ballot or Notice of Non-Voting Status (as applicable) to such Holder.

**B.      Non-Solicitation of Non-Voting Classes and Non-Voting Notice Status**

33.     Section 1126(f) of the Bankruptcy Code provides that a class that is unimpaired by a plan does not need to be solicited, as "each holder of a claim or interest of such class [is] conclusively presumed to have accepted the plan." *See* 11 U.S.C. § 1126(f). Section 1126(g) of the Bankruptcy Code provides that a class that is fully impaired by a plan and holders are not entitled to receive or retain any property or recovery does not need to be solicited, as such class is deemed to reject the Plan. *See* 11 U.S.C. § 1126 (g).

34.     The Plan provides that Holders of Claims in Class 1 (Priority Non-Tax Claims) are Unimpaired. Pursuant to section 1126(f) of the Bankruptcy Code, Holders in Class 1 are conclusively presumed to accept the Plan and will not be solicited.

35.     In addition, the Plan provides that Holders in Class 5 (Interests) are Impaired and will not receive or retain any property under the Plan. Pursuant to section 1126(g) of the

16

Bankruptcy Code, Holders in Class 5 are conclusively presumed to reject the Plan and will not be solicited.

36.     The Debtors respectfully request a waiver of the requirements that they mail copies of the Combined Plan and Disclosure Statement to Holders of Claims or Interests in the above-described Non-Voting Classes (such Holders, the "**Non-Voting Holders**"). *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of court-approved disclosure statement to, inter alia, classes of unimpaired creditors and equity security holders). The Debtors believe that it would be a material and unnecessary administrative burden on the Debtors to transmit the Solicitation Packages to Holders of Claims or Interests that have been deemed to accept or reject the Plan.

37.     Instead, the Debtors propose that, in addition to the Combined Hearing Notice, such parties receive a Notice of Non-Voting Status (which includes the applicable Opt-Out Form or Opt-In Form) by first-class mail or email (if available), in the Debtors' sole discretion.

38.     The Debtors request approval of the Notice of Non-Voting Status, including the Opt-Out Form and Opt-In Form, substantially in the forms attached to the Order as **Exhibits 5A and 5B**. The Notice of Non-Voting Status (a) informs recipients of their status as Holders or potential Holders of Claims in the Non-Voting Classes, (b) provides the full text of the Third-Party Releases set forth in the Plan, and (c) includes a form by which Holders in Class 1 may opt out of, and Class 5 may opt in to, the Third-Party Releases included in the Plan by checking a prominently featured and clearly labeled box on the applicable Opt-Out Form or Opt-In Form. The Opt-Out Form and Opt-In Form also contain information on how Holders can opt-out of or opt-in to the Third-Party Releases electronically via the online portal maintained by the Claims and Noticing Agent.

39.      The Notice of Non-Voting Status will also include (a) instructions on how to view or obtain copies of the Combined Plan and Disclosure Statement, the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims and Noticing Agent, free of charge, and, for a fee, on the Court's website via PACER; (b) notice of the Combined Plan and Disclosure Statement Objection Deadline; (c) notice of the Combined Hearing Date; and (d) related information. The transmittal of Notice of Non-Voting Status (which include the applicable Opt-Out Form or Opt-In Form) in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d) and should be approved.

### C.      Form of Ballot

40.      The Bankruptcy Rules provide that creditors entitled to vote on a plan must be sent a form of ballot conforming to the appropriate Official Form, and that such creditors' acceptance or rejection must conform to the appropriate Official Form. *See* Fed. R. Bankr. P. 3017(d), 3018(c). The form of the Ballot attached as **Exhibit 2** to the Order is based on Official Form No. 314 and has been modified to include certain additional information that the Debtors believe to be relevant and appropriate for Holders of Claims entitled to vote on the Plan as of the Voting Record Date and a form for opting out of releases in the Plan. Accordingly, the Ballot complies with Bankruptcy Rules 3017(d) and 3018(c) and should be approved. *See* Fed. R. Bankr. P. 3017(d), 3018(c).

### D.      Solicitation Procedures

41.      Section 1126(c) of the Bankruptcy Code sets forth the numerosity and amount requirements for determining whether a class of claims has accepted a plan. 11 U.S.C. § 1126(c). Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection of a plan must be in writing, identify the plan or plans, be signed by the creditor or equity security holder or an authorized agent and conform to Form 314."   Fed. R. Bankr. P. 3018(c). Further, Bankruptcy Rule 3018(a) provides that the "court may, after notice and hearing, temporarily allow

a claim or interest in an amount which the court considers proper for voting to accept or reject a plan." Fed. R. Bankr. P. 3018(a).

42.     Solely for the purpose of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a Claim, each Claim within a Voting Class shall be temporarily allowed in an amount equal to (i) the amount asserted in a timely filed Proof of Claim, or, if no timely Proof of Claim has been filed, and (ii) the liquidated, non-contingent, undisputed amount of such Claim set forth in the Schedules, subject to the following exceptions:

(a)     If a Claim is deemed Allowed pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

(b)     If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court.

(c)     If an objection to, or request for estimation of, a Claim has been filed by the Voting Deadline, such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation.

(d)     If the voting amount of a Claim has been established by a stipulation, settlement, or other agreement filed by the Debtors on or before the Voting and Opt-Out / Opt-In Deadline, such Claim shall be allowed for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, in the stipulation, settled, or otherwise agreed-to amount.

(e)     If a Claim was listed in the Debtors' filed Schedules in an amount that is liquidated, non-contingent, and undisputed, and a Proof of Claim was not filed by the Voting Record Date, such Claim is allowed for voting in the liquidated, non-contingent, undisputed amount set forth in the Debtors' filed Schedules.

(f)     If a Claim, for which a Proof of Claim was timely filed, is listed as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution.

(g)     If a Claim is listed in the Debtors' filed Schedules and the holder of such Claim timely files a Proof of Claim that amends or modifies the scheduled Claim, the amount set forth in the timely filed Proof of Claim shall supersede the scheduled amount solely for purposes of solicitation and voting on the Plan and shall

19

constitute the holder's voting amount. For the avoidance of doubt, such holder shall not receive a new or supplemental solicitation package. The Claims and Noticing Agent shall update the voting records accordingly and shall notify the applicable holder of the revised voting amount.

(h) If a Claim, for which a Proof of Claim was timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Debtors and/or Claims and Noticing Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

(i) If the Debtors file an objection to a Claim on or before the date that is five (5) days after the Bar Date, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00 except as ordered by the Court subject to Section VIII of the Order regarding claims subject to Rule 3018(a).

(j) Claims filed for $0.00 are not entitled to vote.

(k) If a Claim, for which a Proof of Claim has not been timely filed and/or as to which the applicable Claims filing deadline has not passed, and which is listed in the Debtors' filed Schedules as wholly unknown, contingent, and/or disputed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

(l) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

(m) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

(n) If a Claim has been amended by a later-filed Proof of Claim that is filed on or prior to the Bar Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to a Claim after the Bar Date shall not be considered for purposes of these tabulation rules.

(o) For the avoidance of doubt, a Holder will only be entitled to vote on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Bar Date, or by such later date as provided for in the Solicitation and Voting Procedures, or as directed by the Court.

(p) For purposes of voting, Claims in Class 2 shall be allowed in the aggregate amount of $1.00 and Holders of Claims in Class 2 shall be deemed to vote in such aggregate amount.

(q)     For purposes of voting, Claims in Class 3 shall be allowed in the aggregate amount of the full amount of the Secured Lender Claims (as defined in the Bar Date Order) minus $1.00 and Holders of Claims in Class 3 shall be deemed to vote in such aggregate amount.

43.     The Debtors request that the Court approve the vote tabulation methodology set forth above and as set forth in the voting instructions on the Ballots utilized by the Debtors. The Debtors will not count or consider for any purpose in determining whether the Combined Plan and Disclosure Statement has been accepted or rejected the following Ballots:  (a) any Ballot that is received after the Voting and Opt-Out / Opt-In Deadline; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (c) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (f) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan. Notwithstanding the foregoing, the Debtors may, in their sole discretion, extend the Voting Deadline for any Holder. Such extension must be memorialized via email (or other writing) and the Claims and Noticing Agent shall be authorized to rely on such writing for purposes of tabulating the votes.

44.     Moreover, if, before the filing of the final Voting Report (as defined below), the Debtors and the Holder of the Claim reach an agreement to alter the amount of the voting Claim or the classification of the voting Claim for tabulation purposes, the Claims and Noticing Agent will be authorized to rely on such an agreement and tabulate the votes accordingly. Such agreement must be memorialized in an email or other correspondence sent from the Debtors to the Claims and Noticing Agent copying the Holder whose Claim is being tabulated, and the Claims and Noticing Agent shall memorialize the existence of such agreement in its Voting Report.

**E.     Solicitation Procedures for Class 2 and Class 3**

21

45.     For purposes of voting to accept or reject the Plan, the Debtors propose to solicit the claims in Class 2 and Class 3 of KTRI from the DIP Agent. As the Court is aware, in the FBG Case, the DIP Lenders advanced funds under the FBG DIP Facility to KTRI Holdings, Inc. ("**KTRI**"), a debtor in the FBG Case, which were, in turn, lent by KTRI to Debtor Liberty II B.V under the Near-Term Funding Agreement and Initial Funding (as set forth in the Funding Motion). For purposes of voting and distributions under the Plan, the Debtors believe that the DIP Agent is the proper party in interest to submit a vote on the proposed treatment, and receive the proposed distribution, of Class 2 and Class 3 Claims under the Plan.

### F.     The Balloting Process

46.     The Debtors request that the Claims and Noticing Agent be authorized (to the extent not already authorized by another order of the Court) to assist the Debtors in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims, (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Combined Plan and Disclosure Statement, the Ballot, the Solicitation Packages, and all other documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting Holders of Claims and Interests regarding the Plan. The Debtors request that they and the Claims and Noticing Agent may, but are not obligated to, contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies, *provided*, that, neither the Debtors nor the Claims and Noticing Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

22

47. The Debtors request that the Court authorize the Debtors and/or the Claims and Noticing Agent, as applicable, to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination, absent a contrary ruling by the Court, will be final and binding.

48. The Debtors further request that the Claims and Noticing Agent be authorized to accept Ballots, Opt-Out Forms and Opt-In Forms via electronic online transmission through a customized online balloting portal on the Debtors' case website to be maintained by the Claims and Noticing Agent ("**E-Ballot**"). Parties may cast an electronic Ballot, Opt-Out Form, or Opt-In Form and electronically sign and submit the Ballot, Opt-Out Form, or Opt-In Form instantly by utilizing E-Ballot. The encrypted data and audit trail created by such electronic submission will become part of the record of any Ballot, Opt-Out Form, or Opt-In Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. The Debtors request that Ballots, Opt-Out Forms, or Opt-In Forms submitted via the customized online balloting portal shall be deemed to contain an original signature. E-Ballot is the sole manner in which Ballots, Opt-Out Forms, or Opt-In Forms will be accepted via electronic or online transmission. Ballots, Opt-Out Forms, or Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.

49. The Claims and Noticing Agent will retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Claims and Noticing Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless

otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

50.     Further, the Claims and Noticing Agent will file a voting report (the "**Voting Report**") with the Court by **June 8, 2026**, which is two (2) Business Days before the Combined Hearing.

**IV.     Motions to Temporarily Allow Claims or Interest for Voting Purposes**

51.     Unless superseded by a filed Proof of Claim, the allowance and amount of a Claim shall be determined pursuant to the filed Schedules and the Solicitation and Voting Procedures set forth herein. If any claimant seeks to challenge the allowance and amount of its Claim for voting purposes, the Debtors request that the Court direct such claimant to file with the Court and serve on the Debtors a motion for an order pursuant to Bankruptcy Rule 3018(a) (the "**3018 Motion**") temporarily allowing such Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan on or before the later of (i) **May 29, 2026 at 4:00 p.m. (prevailing Central Time)** and (ii) the date that is five (5) days after any objection to a Claim is filed by the Debtors (the "**3018 Motion Deadline**") . The deadline for any party in interest to object to any 3018 Motion is the date of the Combined Hearing. Any such 3018 Motion may be resolved by agreement between the Debtors and the movant without the requirement for further order or approval of the Bankruptcy Court.

52.     As to any creditor filing a 3018 Motion, such creditor's Ballot shall be counted solely in accordance with the tabulation and other provisions of this Order, unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing, either at or prior to the Combined Hearing.

**V.      Waiver of Bankruptcy Rule 3017(d) and 2002(b)**

53.      For purposes of serving the Solicitation Packages (including the Ballots), the Notice of Non-Voting Status or any other solicitation-related notice, the Debtors seek authority for the Claims and Noticing Agent to rely on the address information maintained by the Debtors and provided to the Claims and Noticing Agent as of the Voting Record Date. The Debtors further request that the Court waive (a) any requirement to re-mail undeliverable Solicitation Packages, Notice of Non-Voting Status or other undeliverable solicitation-related notices that were returned marked "undeliverable," "moved – no forwarding address," or otherwise returned, unless the Debtors and/or Claims and Noticing Agent have been informed in writing by such person of that person's new address prior to the Voting Record Date, and (b) any obligation for the Debtors or Claims and Noticing Agent to conduct any additional research for updated addresses based on undeliverable Solicitation Packages, Notice of Non-Voting Status, or other undeliverable solicitation-related notices or materials.

54.      The Debtors additionally request that the Court waive the requirement under Bankruptcy Rule 2002(b) that notice be provided by mail, allowing the Debtors to instead serve parties for whom they have a valid and confirmed e-mail address in an electronic manner. Any party that receives materials in electronic format, but would prefer to receive materials in paper format or on a USB flash drive, may contact the Claims and Noticing Agent and request paper copies of, or a USB flash drive containing, the corresponding materials received in electronic format (to be provided at the Debtors' expense as soon as practical following such request).

55.      Waiver of these requirements will save the Debtors significant administrative cost as it will greatly reduce the time and expense of the Claims and Noticing Agent in preparing and mailing Solicitation Packages and Notice of Non-Voting Status and will eliminate the need for costly postage fees where valid and confirmed electronic service is possible. The Debtors have

also made the Plan, Disclosure Statement and certain other documents available at no cost on the website maintained by the Debtors' Claims and Noticing Agent. Thus, each of the requirements of Bankruptcy Rule 3017(d) and 2002(b) should be waived.

## Emergency Consideration

56.     The Debtors request emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1 and Section C of the Complex Case Procedures. The Debtors' liquidity is severely constrained and each additional day in chapter 11 imposes material incremental administrative costs that the estates cannot sustain. Commencing solicitation and pursuing confirmation of the Plan on an expedient basis will minimize the accrual of further administrative costs and expenses and maximize the value of the Debtors' estates for distribution to their creditors. Accordingly, emergency relief is critical to facilitate the Debtors' prompt emergence from these Chapter 11 Cases for the benefit of all stakeholders.

## Non-Substantive Modifications

57.     The Debtors request authorization to make non-substantive and immaterial changes to the Combined Plan and Disclosure Statement, the materials in the Solicitation Packages, the Notices and other related documents without further order of the Court. These changes could include changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages or Notice of Non-Voting Status before distribution.

## Notice

58.     Notice of this Motion will be given to the parties on the Debtors' Master Service List and all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

A copy of this Motion is available (a) for a fee on the Court's website, at www.txs.uscourts.gov and (b) free of charge on the website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/ultinon/.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated:  April 30, 2026

Houston, Texas

  /s/ David Smith
**CLIFFORD CHANCE US LLP**
David Smith (Texas Bar No. 24117073)
Texas Tower
845 Texas Avenue, Suite 2700
Houston, Texas 77002
Telephone:  (713) 821-2800
Facsimile:  (713) 583-8322
Email:  david.smith@cliffordchance.com

-and-

**CLIFFORD CHANCE US LLP**
David M. Feldman (admitted *pro hac vice*)
Brian J. Lohan (admitted *pro hac vice*)
Matthew L. Hinker (admitted *pro hac vice*)
Madelyn Nicolini (admitted *pro hac vice*)
Two Manhattan West
375 9th Avenue
New York, New York 10001
Telephone:  (212) 878-8000
Facsimile:  (212) 878-8375
Email:  david.feldman@cliffordchance.com
      brian.lohan@cliffordchance.com
      matthew.hinker@cliffordchance.com
      madelyn.nicolini@cliffordchance.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Certificate of Service**

I certify that on April 30, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *David Smith*
David Smith

29