**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **ULTINON MOTION HOLDING B.V.,** *et al.*, | § | **Case No. 26-90428 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) EXTENDING THE**
**EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND**
<u>**SOLICIT ACCEPTANCES THEREOF AND (II) GRANTING RELATED RELIEF**</u>

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court will treat the pleading as unopposed and grant the relief requested.**

Ultinon Motion Holding B.V. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), state the following in support of this motion (the "**Motion**"):

<u>**Jurisdiction and Venue**</u>

1.     The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to entry of a final order by the Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]     The Debtors in these chapter 11 cases are Ultinon Motion Holding B.V., Liberty I B.V., and Liberty II B.V. The service address in these chapter 11 cases for Debtors Liberty I B.V. and Liberty II B.V. is Zekeringstraat 42, 1014 BT Amsterdam, the Netherlands. The service address in these chapter 11 cases for Debtor Ultinon Motion Holding B.V. is The Base Tower B5, Unit 107, Evert van de Beekstraat 1, 1118 CL Schiphol, the Netherlands.

**Relief Requested**

2.      By this Motion, pursuant to section 1121 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and *the Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Case Procedures**"), the Debtors seek entry of an order, substantially in the attached form (the "**Order**"), (i) extending by 60 days (a) the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") through and including September 22, 2026 and (b) the period during which the Debtors have the exclusive right to solicit a plan (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including November 21, 2026, without prejudice to the Debtors' rights to seek further extensions of the Exclusive Periods,[2] and (ii) granting related relief. The Debtors' initial Exclusive Filing Period and Exclusive Solicitation Period are currently set to expire on July 24, 2026, and September 22, 2026, respectively.

3.      On March 26, 2026 (the "**Petition Date**") the Debtors each filed with the Court a voluntary petition under chapter 11 of the Bankruptcy Code. On March 31, 2026, the Court entered, among others, the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 42]. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

---

[2]    Pursuant to Section K of the Complex Case Procedures (as defined herein), the filing of this Motion prior to the expiration of the Exclusive Periods automatically extends such periods until a ruling on this Motion.

4.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Jame Donath in Support of Chapter 11 Petitions and First Day Pleadings*, filed on the Petition Date [Docket No. 11] (the "**First Day Declaration**").[3]

5.      The Debtors filed these Chapter 11 Cases to preserve all assets, including claims and causes of action existing as of the Petition Date, as well as those arising under chapter 5 of the Bankruptcy Code, and to transfer such claims and causes of action into a litigation trust (the "**Litigation Trust**") for the benefit of the Debtors' creditors. Since the Petition Date, the Debtors have made substantial progress in doing so and progressing the Chapter 11 Cases including (i) obtaining entry of the *Order (I) Conditionally Approving the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures; (III) Approving the Form of Ballots and Notices; (IV) Approving Certain Dates and Deadlines in Connection with the Solicitation and Confirmation of the Plan; (V) Scheduling a Combined Hearing on (A) Final Approval of the Disclosure Statement and (B) Confirmation of Plan; and (VI) Granting Related Relief* [Docket No. 196]; (ii) filing the solicitation version of the *Combined Disclosure Statement and Plan of Liquidation of Ultinon Motion Holding B.V. and its Affiliated Debtors under Chapter 11 of the Bankruptcy Code* [Docket No. 197] (the "**Combined Plan and Disclosure Statement**" or, as applicable, the "**Plan**" or "**Disclosure Statement**"); and (iii) commencing solicitation of the Plan. The Court has scheduled a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan for July 24, 2026 (the date the initial Exclusive Filing Period is set to expire), and, should the Court confirm the Plan, the Debtors anticipate the Plan going effective shortly thereafter.

---

[3]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Day Declaration.

6.     The Debtors have also filed their filed their schedules of assets and liabilities and statements of financial affairs (see Docket Nos. 116-118; 119-121) and established a bar date for the filing of proofs of claims, which was May 29, 2026. *See Order (I) Establishing Deadlines for the Filing of Proofs of Claim, (II) Approving the Form and Manner of Notice Thereof, (III) Approving the Form and Manner for Filing Proofs of Claim, and (IV) Granting Related Relief* [Docket No. 143].

7.     Additionally, the Debtors have filed a variety of other motions and taken other actions in the Chapter 11 Cases intended to preserve the value that remains in the Debtors and the Ultinon Business for creditors, including working with the remaining operating subsidiaries on go-forward operations or, where appropriate, orderly liquidations.

**Basis for Relief**

8.     Against the backdrop of this significant progress and out of an abundance of caution, the Debtors now seek to extend the Exclusive Periods.

9.     The Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. 11 U.S.C. § 1121(b). The Bankruptcy Code further provides that if a debtor files a plan within that 120-day period, it has a 180-day period from its petition date to solicit acceptance of its plan. 11 U.S.C. § 1121(c)(3). This time of exclusivity affords a debtor an opportunity to propose a chapter 11 plan and solicit acceptances thereof without the potential value deterioration and disruption that would ensue from the filing and solicitation of competing plans.

10.     Under section 1121(d)(1) of the Bankruptcy Code, the Court may extend the Exclusive Periods "for cause." Although the Bankruptcy Code does not define the term "cause" for purposes of section 1121(d) or establish formal criteria for an extension of the Exclusive

Periods, the legislative history indicates that "cause" should be interpreted in such a way "to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 231-32 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191. Bankruptcy courts are accorded broad discretion in determining whether an extension of exclusivity is likely to promote the orderly, consensual, and successful reorganization of a debtor's affairs and, therefore, cause for such extension exists. *See, e.g.*, *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) ("cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (extension is often granted where "debtor has shown substantial progress toward reorganization"); *see also In re Burns & Roe Enters., Inc.*, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (noting that the exclusive periods under section 1121 of the Bankruptcy Code are intended "to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated" (quoting H.R. Rep. No. 103-835, at 36 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3344)).

11.     Courts may consider a variety of factors in determining whether "cause" exists to extend a debtor's exclusive period for filing a plan, including:

    a.  the size and complexity of the case;

    b.  the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c.  whether the debtor has made progress in negotiations with its creditors;

    d.  the existence of good-faith progress toward reorganization;

    e.  whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

    f.  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

g. the fact that the debtor is paying its bills as they become due;

h. the amount of time which has elapsed in the case; and/or

i. whether an unresolved contingency exists.

*See, e.g.*, *In re New Millennium Mgmt., LLC*, 2014 WL 792115, at \*6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods) (citing *In re GMG Cap. Partners III, L.P.*, 503 B.R. 596 (Bankr. S.D.N.Y. 2014)).

12.     Not all factors are relevant to every case, and the presence of only a subset of the above-listed factors may be sufficient to extend a debtor's exclusivity periods. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (listing all nine factors but relying on only four in determining whether there was "cause" to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause existed to extend exclusivity).

13.     *First*, the size and complexity of the issues in these cases warrants approval of the requested relief. The Debtors' capital structure includes over $140 million in funded debt, and the administration of these Chapter 11 Cases has required the Debtors to navigate insolvency and liquidation proceedings across multiple foreign jurisdictions while managing the demands of an international creditor base. Certain of the Debtors' subsidiaries have commenced their own insolvency proceedings in local jurisdictions, and the Debtors have simultaneously worked with the remaining operational subsidiaries to either stabilize operations or implement orderly wind-downs. Coordinating these parallel proceedings across multiple legal systems and managing the Debtors' remaining operations to preserve value for the Debtors' creditors has required substantial time and resources. The Chapter 11 Cases are further complicated by their relationship to the

6

chapter 11 cases of the Debtors' ultimate parent, First Brands Group Holdings, LLC, and its affiliates, which are jointly administered before this Court under Case No. 25-90399 (CML).

14.     *Second*, termination of the Exclusive Periods would adversely impact the Debtors' efforts to preserve the value of their estates and progress the Chapter 11 Cases as they may potentially face the prospect of a competing plan in the event that the existing Plan is not confirmed on the currently anticipated timeline. Granting the requested extensions will thus ensure that the Debtors can work towards confirmation of the Plan and establishment of the Litigation Trust for the benefit of its creditors  without the distraction, cost and delay of a potential competing plan process (or the threat thereof). *See In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) ("In enacting 11 U.S.C. § 1121, Congress intended to allow the debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan. It was intended that . . . a debtor should be given the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors and other interests.") (citation and internal quotation marks omitted).

15.     *Third*, the progress that the Debtors have made in the Chapter 11 Cases—which, as noted above, has included obtaining conditional approval of the Disclosure Statement and obtaining a date for a hearing on confirmation of the Plan (the "**Confirmation Hearing**"), negotiating and filing the proposed Plan and commencing solicitation of votes with respect to same—evidences satisfaction of the third and fourth factors.

16.     *Fourth*, the Debtors do not seek the extension of the Exclusive Periods as a means to exert pressure on the relevant parties in interest. As discussed above, the Debtors have made progress with their major constituents, resulting in the filing of the Plan and the Confirmation Hearing is scheduled to commence on July 24, 2026 (the date the current Exclusive Filing Period

expires). The Debtors seek the requested extension of the Exclusive Periods out of an abundance of caution simply to ensure the progress made to date is not upended by a potential loss of their Exclusive Periods in the event of unexpected delay. In the context of these Chapter 11 Cases, granting the requested extensions of the Exclusive Periods will not pressure the Debtors' creditor constituencies. Accordingly, the fifth factor weighs in favor of extending the Exclusive Periods.

17.     Finally, the Debtors continue to make timely payments on their undisputed postpetition obligations and only approximately ninety days have passed since the Petition Date. Accordingly, the seventh and eighth factors weigh in favor of extending the Exclusive Periods. For each and all of the foregoing reasons, good cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order granting the relief requested in the Motion and such other relief as may be just and proper.

Dated: June 29, 2026

Houston, Texas

　　　　　　　　　　　　　　　　 */s/ David Smith*
　　　　　　　　　　　　　　　　 **CLIFFORD CHANCE US LLP**
　　　　　　　　　　　　　　　　 David Smith (Texas Bar No. 24117073)
　　　　　　　　　　　　　　　　 Texas Tower
　　　　　　　　　　　　　　　　 845 Texas Avenue, Suite 2700
　　　　　　　　　　　　　　　　 Houston, Texas 77002
　　　　　　　　　　　　　　　　 Telephone:  (713) 821-2800
　　　　　　　　　　　　　　　　 Facsimile:  (713) 583-8322
　　　　　　　　　　　　　　　　 Email: david.smith@cliffordchance.com

　　　　　　　　　　　　　　　　 -and-

　　　　　　　　　　　　　　　　 **CLIFFORD CHANCE US LLP**
　　　　　　　　　　　　　　　　 David M. Feldman (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　 Brian J. Lohan (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　 Matthew L. Hinker (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　 Madelyn Nicolini (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　 Two Manhattan West
　　　　　　　　　　　　　　　　 375 9th Avenue
　　　　　　　　　　　　　　　　 New York, New York 10001
　　　　　　　　　　　　　　　　 Telephone:  (212) 878-8000
　　　　　　　　　　　　　　　　 Facsimile:  (212) 878-8375
　　　　　　　　　　　　　　　　 Email: david.feldman@cliffordchance.com
　　　　　　　　　　　　　　　　 　　　 brian.lohan@cliffordchance.com
　　　　　　　　　　　　　　　　 　　　 matthew.hinker@cliffordchance.com
　　　　　　　　　　　　　　　　 　　　 madelyn.nicolini@cliffordchance.com

　　　　　　　　　　　　　　　　 *Proposed Attorneys for Debtors*
　　　　　　　　　　　　　　　　 *and Debtors in Possession*

## <u>Certificate of Service</u>

I hereby certify that on June 29, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ David Smith*
David Smith